[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS
This is a legal malpractice action brought by a client against Attorney Ralph Crozier and his former law firm claiming that he negligently represented her in an action for personal injuries resulting from a dog bite. The underlying dog bite case,Scoran, PPA v. D'Amelio, Docket Number CV 92-0111341 is still pending in this Judicial District. It is the defendant's claim that this court lacks subject matter jurisdiction since there is an absence of a justiciable controversy. The underlying action upon which the claim for malpractice allegedly arises has not "ripened" since it has not been finally adjudicated. The defendant's claim has merit.
The amended complaint in the underlying action, dated July 20, 1993, is brought in four counts. The first two counts are brought against Cassandra D'Amelio, a minor, the alleged owner of the dog. Counts three and four are brought against Cassandra's grandfather, Anthony D'Amelio, the "keeper" of the dog. There is some question as to whether Tracy D'Amelio, the mother of Cassandra, is the owner of the dog and whether she is even a party in this action other than in a representative capacity. In any event, this court granted a Motion for Summary Judgment in favor of the defendant Anthony D'Amelio on counts three and four of the amended complaint on January 31, 1996. The claim against Cassandra or Tracy as alleged in counts one and two of the complaint are still pending. The plaintiff in the underlying action is still represented by Attorney Crozier who on May 8, 1997, claimed the matter as a hearing in damages. The matter as CT Page 4961 of this date has not been assigned for a hearing. Although there is a question as to the whether the proper party was sued or whether the proper party was properly served with process, the fact remains that the underlying action is viable and still has not been finalized. Whether a judgment will be rendered against the proper party in the underlying action is undetermined until there is a final judgment.
This instant action is premature and as such is not a justiciable controversy. see Neylan v. Pinsky 1994 WL 526433
(Conn. Super). Therefore, the defendant's Motion to Dismiss is granted.
PELLEGRINO, J.